
FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 3:42 pm, Dec 09, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| GLORIA DENISE ATWATER; and WILFRED LEE ATWATER, JR., | |
| Plaintiffs, | CIVIL ACTION NO.: 2:18-cv-146 |
| v. | |
| THOMAS SCHWARTZ, | |
| Defendant. | |

**O R D E R**

This matter is before the Court on Defendant's Motion in Limine.  Doc. 77.  In his Motion, Defendant asks this Court to exclude eight categories of evidence at trial.  Id.  Plaintiff has filed a Response, objecting only to Motion in Limine Number 7 and Motion in Limine Number 8.  Doc. 82.  Defendant filed a Reply.  Doc. 84.  For the reasons discussed below, this Court **GRANTS in part** and **DENIES in part** Defendant's Motion.

Both Plaintiffs and Defendant often cite to Georgia case law and statutes in their briefing. In diversity cases, "the admissibility of evidence is a procedural issue, and therefore is governed by the Federal Rules of Evidence."  Heath v. Suzuki Motor Corp., 126 F.3d 1391, 1396 (11th Cir. 1997).  However, it is appropriate to cite Georgia law on a substantive issue, like damages. See Complete Concepts, Ltd. v. Gen. Handbag Corp., 880 F.2d 382, 389 (11th Cir. 1989).  The parties are reminded to cite only controlling authority moving forward.  For procedural evidentiary issues, Georgia law is only relevant as persuasive authority or to the extent the Federal Rules of Evidence or the federal courts deem state law relevant to an evidentiary issue.

Moreover, the parties' citations to older Georgia case law often undermines their respective positions, given that many of the cases and rules cited predate Georgia's adoption of a "new" evidence code, effective 2013, which abrogates or modifies earlier Georgia evidentiary jurisprudence in many respects. Chrysler Grp., LLC v. Walden, 812 S.E.2d 244, 252 (Ga. 2018). With all this in mind, the Court addresses each of Defendant's eight enumerated motions in limine.

## I.     Defendant's Motion in Limine No. 1

Defendant asks this Court "to prevent all witnesses, whether lay or expert, from commenting on the testimony, either deposition or trial, of other witnesses or the veracity of other witnesses." Doc. 77 at 1. In the Eleventh Circuit, weighing the credibility of witnesses is generally an issue left for the jury. See Hibiscus Assocs. v. Bd. of Trs. of the Policemen & Firemen Ret. Sys. of the City of Detroit, 50 F.3d 908, 919 (11th Cir. 1995); Stancill v. McKenzie Tank Lines, Inc., 497 F.2d 529, 536 (5th Cir. 1974). Further, Plaintiffs do not oppose exluding this evidence at trial. Doc. 82 at 1 n.1. For these reasons, the Court **GRANTS** Defendant's Motion in Limine No. 1 as unopposed.

## II.    Defendant's Motion in Limine No. 2

Defendant requests the Court prohibit Plaintiffs "from seeking speculative damages for which the Plaintiffs have failed to present the requisite evidence to support." Doc. 77 at 3. In particular, Defendant points to future medical expenses and lost earnings as categories of evidence which require specific proof. Id. at 3–5.

Georgia law governs damages issues because they are substantive. Complete Concepts, 880 F.2d at 389 ("In a diversity case, the determination of damages constitutes a substantive issue."). In general, Georgia law requires the claimant to show the amount of loss with a

2

reasonable degree of certainty.  Hayek v. Chastain Park Condo. Ass'n, Inc., 764 S.E.2d 183, 186 (Ga. Ct. App. 2014).  Georgia law requires a plaintiff to calculate future medical expenses with a reasonable degree of certainty.  Lester v. S. J. Alexander, Inc., 193 S.E.2d 860, 861 (Ga. Ct. App. 1972); see Whitley v. Ditta, 434 S.E.2d 108, 110 (Ga. Ct. App. 1993) ("A plaintiff seeking to recover special damages for medical expenses has the burden of proving his losses in such manner as can permit calculation thereof with a reasonable degree of certainty."); S. Airways, Inc. v. Dross, 291 S.E.2d 93, 93 (Ga. Ct. App. 1982) (holding jury charge on future medical expenses was error when there was no basis to calculate the damages).  If a plaintiff bases his calculation solely on guess work, the evidence may not be admissible.  Lester, 193 S.E.2d at 861.  Likewise, "[l]ost wages and earnings are recoverable where the evidence shows the amount of the loss with reasonable certainty and the evidence premits the jury to determine the amount of the loss without speculation or guesswork."  Singleton v. Phillips, 494 S.E.2d 66, 67 (Ga. Ct. App. 1997); Herr v. Withers, 515 S.E.2d 174, 176 (Ga. Ct. App. 1999).  Plaintiffs do not oppose excluding this evidence at trial.  Doc. 82 at 1 n.1.  For these reasons, the Court **GRANTS** Defendant's Motion in Limine No. 2 as unopposed.

### III.   Defendant's Motion in Limine No. 3

Defendant requests that "any and all questions, testimony, or evidence regarding any and all insurance maintained by this Defendant be excluded."  Doc. 77 at 6.  Federal Rule of Evidence 411 provides evidence of insurance is "not admissible to prove whether the person acted negligently or otherwise wrongfully."  However, "the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control."  Fed. R. Evid. 411.  Defendant appears to merely request the Court apply Federal Rule of Evidence 411.  The Court will, of course, apply the Federal Rules of Evidence at trial.

Plaintiffs do not oppose excluding this evidence. Doc. 82 at 1 n.1. For these reasons, the Court **GRANTS** Defendant's Motion in Limine No. 3 as unopposed. Evidence of insurance may still be admissible for a purpose other than proving wrongdoing, as above discussed.

## IV. Defendant's Motion in Limine No. 4

Defendant asks the Court to exclude "any and all testimony given by lay witnesses regarding medical issues or medical questions." Doc. 77 at 7. Federal Rule of Evidence 701(c) states a lay witness may not give an opinion "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Federal Rule of Evidence 702 then lists the requirements for testimony of an expert with qualifying "knowledge, skill, experience, training, or education." Medical opinions would typically fall within the scope of Rule 702 testimony. Thus, a lay witness would not normally be permitted to give a medical opinion under the Federal Rules. Defendant appears to only request that the Court apply the Federal Rules of Evidence, which the Court will do at trial.

Plaintiffs do not oppose excluding this evidence. Doc. 82 at 1 n.1. For these reasons, the Court **GRANTS** Defendant's Motion in Limine No. 4 as unopposed. This ruling does not necessarily prohibit lay witnesses from testifying about facts related to medical issues, to the extent that testimony is based on the witnesses' first-hand personal knowledge. See Fed. R. Evid. 602 (providing witnesses may testify on matters based on personal knowledge).

## V. Defendant's Motion in Limine No. 5

Defendant requests the Court exclude "any and all testimony or evidence concerning the financial circumstances of the parties."[1] Doc. 77 at 8. Because the party-wealth common law

---

[1] Defendant cites cases discussing Georgia's common law bar of wealth evidence. Doc. 77 at 8. The Georgia Supreme Court has strongly indicated this common law rule may no longer exist after Georgia's adoption of the new evidence code in 2013. Chrysler, 812 S.E.2d at 252. Even so, in Chrysler,

rule cited by Defendant may no longer be in force, the Court treats Defendant's Motion in Limine No. 5 as a relevance argument.  See Chrysler, 812 S.E.2d at 252 (characterizing Georgia's party-wealth rule as a "rule of relevance" and reasoning Federal Rules 402 ad 403 applied rather than the common law rule).  Federal Rule of Evidence 401 states evidence is relevant if (1) "it has any tendency to make a fact more or less probable than it would be without the evidence" and (2) "the fact is of consequence in determining the action."  Plaintiffs have not set forth why this evidence is relevant to proving a fact of consequence in this case.  Doc. 82 at 1 n.1.  Further, the Court may exclude evidence if the probative value is substantially outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403.  "Comments on the wealth of a party have repeatedly and unequivocally been held highly prejudicial, and often alone have warranted reversal."  Whittenburg v. Werner Enterprises Inc., 561 F.3d 1122, 1130 n.1 (10th Cir. 2009); see Chrysler, 812 S.E.2d at 252 (collecting cases and reasoning the federal courts agree a party's wealth is generally inadmissible unless directly relevant to an issue in the case).

Plaintiffs do not oppose excluding this evidence.  Doc. 82 at 1 n.1.  Because Plaintiffs have not explained the relevance of this evidence, the Court **GRANTS** Defendant's Motion in Limine No. 5 as unopposed.

## VI.  Defendant's Motion in Limine No. 6

Defendant requests "the Court exclude any and all testimony or evidence concerning settlement discussions between the parties."  Doc. 77 at 9.  Federal Rule of Evidence 408 provides evidence of compromise offers and negotiations is generally inadmissible to prove the validity or amount of a claim or to impeach.  However, "[t]he court may admit this evidence for

---

the Supreme Court concluded evidence of a party's wealth will generally be inadmissible under Federal Rules 402 and 403 and their analogues in the Georgia Evidence Code.  Id.  Regardless, a state common law rule would likely not control, and the Court will only apply the Federal Rules.  Heath, 126 F.3d at 1396.

5

another purpose, such as proving a witness's biase or prejudice" or "negating a contention of undue delay." Fed. R. Evid. 408(b).  Defendant appears to only request the Court apply Federal Rule of Evidence 408.  The Court will apply the Federal Rules of Evidence at trial.

Plaintiffs do not oppose excluding this evidence.  Doc. 82 at 1 n.1.  For these reasons, the Court **GRANTS** Defendant's Motion in Limine No. 6 as unopposed.  This ruling does not prevent the Court from admitting evidence concerning settlement discussions for another purpose, as above discussed.

### VII. Defendant's Motion in Limine No. 7

Defendant requests "the Court exclude any and all testimony or evidence concerning prior and subsequent dissimilar acts by this Defendant as such would constitute impermissible character evidence."  Doc. 77 at 10.  In particular, Defendant believes Plaintiffs will attempt to admit evidence regarding an incident where Defendant pushed his spouse.  This case concerns an incident where Defendant allegedly struck Ms. Atwater.  Doc. 1 at 2.  Defendant argues Plaintiffs will attempt to introduce this evidence to show Defendant acted in accordance with his violent character when he struck Ms. Atwater and for no other purpose.  Doc. 77 at 11; Doc. 84 at 2.

In their Response, Plaintiffs assert evidence of this "substantially similar" incident "is directly relevant to [Defendant's] violent tendencies . . . ."  Doc. 82 at 2.  Plaintiffs further argue evidence of this incident is not offered to prove Defendant acted in accordance with a character trait, but "rather to establish that he has been physically violent in the past with Defendant Kimberly Schwartz and to establish that Ms. Schwartz had knowledge of Mr. Schwartz's violent tendencies."  Id.

In his Reply, Defendant argues Plaintiffs' stated purpose of showing Ms. Schwartz's knowledge is not relevant to this case because she has been dismissed as a defendant. Doc. 84 at 3. Defendant also states Plaintiff has not shown the incident is sufficiently similar to be admissible. Id. at 3–4.

Federal Rule of Evidence 404(b)(1) provides, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." This Rule also states such evidence may be admissible for a purpose other than showing a person acted in accordance with a character trait on a particular occasion. Fed. R. Evid. 404(b)(2). For example, the evidence may be admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. Even if the evidence qualifies for one of these listed exceptions, the evidence must still meet the relevancy requirements of Rules 401 and 402. "Evidence is relevant if . . . it has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evid. 401.

The incident where Defendant pushed Ms. Schwartz appears to be offered only to show Defendant acted in accordance with his violent character when he allegedly struck Ms. Atwater. In fact, Plaintiffs concede this prior incident is "directly relevant to [Defendant's] violent tendencies" and "to establish that he has been physically violent in the past." Doc. 82 at 2. Simply put, these reasons are alternative ways to describe the exact type of evidence prohibited by Federal Rule of Evidence 404(b)(1). The only alternative reason Plaintiffs have set forth is to show Ms. Schwartz's knowledge of Defendant's violent tendencies. Defendant correctly argues this reason is irrelevant to this case. This Court has already dismissed Ms. Schwartz as a defendant. Thus, her knowledge of Defendant's violence is not a fact of consequence in this

case.  Fed. R. Evid. 401.  Evidence of the prior incident does not meet the relevancy requirements of Rules 401 and 402 if offered only to show Ms. Schwartz's knowledge.  Plaintiffs have not set forth any alternative use for the evidence of this prior incident, nor have Plaintiffs explained any alternative reason why Ms. Schwartz's knowledge is a fact of consequence.  Therefore, the evidence should be excluded.

Plaintiffs' and Defendant's discussion of whether the prior incident is "substantially similar" is misplaced.  Doc. 77 at 11; Doc. 82 at 3; Doc. 83 at 3–4.  The parties only cite Georgia cases or none at all when discussing this issue.[2]  Doc. 77 at 11; Doc. 82 at 3; Doc. 83 at 3–4.  Under the Federal Rules, the similarity of a prior incident may show whether the incident meets one of the exceptions listed in Rule 404(b)(2), such as knowledge, absence of mistake, or lack of accident.[3]  But, regardless of similarity, Plaintiffs have not demonstrated that evidence of incident involving Ms. Schwartz would be offered for any of the alternative purporses listed in Rule 404(b)(2).

---

[2]  Defendant does cite one Middle District of Georgia case, but the case focuses on a property owner's knowledge of prior substantially similar criminal acts under Georgia law rather than any specific evidentiary issue.  Hendrickson v. Ga. Power Co., 80 F. Supp. 2d 1374 (M.D. Ga. 2000).  Hendrickson does not provide meaningful guidance on the issues in this case.

[3]  The Eleventh Circuit Court of Appeals also recognizes a "substantial similarity" doctrine concerning the admissibility of evidence of prior accidents, where that evidence is offered to show "notice, magnitude of the danger invoked, the [party's] ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation."  Heath v. Suzuki Motor Corp., 126 F.3d 1391, 1396 (11th Cir. 1997) (quotation and citation omitted).  In order to admit evidence of prior incidents for one of these purposes, the proponent must show the prior accidents or incidents are substantially similar to the one at issue.  Id.; Jaquillard v. Home Depot U.S.A., Inc., No. CV 410-167, 2012 WL 527418, at *2 (S.D. Ga. Feb. 16, 2012).  However, the parties have not demonstrated the Eleventh Circuit's "substantial similarity" doctrine—which is typically applied in product liability and dangerous conditions cases—should be applied in this case.  Moreover, the only purpose Plaintiffs have suggested for presenting this evidence that would align with the Eleventh Circuit's "substantial similarity" doctrine is notice on the part of Ms. Schwartz.  The Court has already explained above that Ms. Schwartz's knowledge is not relevant to the surviving claims in this case.  Therefore, the Eleventh Circuit's "substantial similarity" doctrine does not support admission of evidence of the prior incident in this case.

For these reasons, the Court **GRANTS** Defendant's Motion in Limine No. 7 to the extent Defendant requests the exclusion of evidence of the incident where Defendant pushed Ms. Schwartz.

### VIII. Defendant's Motion in Limine No. 8

Defendant requests "the Court exclude any and all argument, questions from counsel elicited to the Plaintiff, or testimony from witnesses regarding alleged out-of-court statements made to the Plaintiff, regarding an alleged prior incident of battery committed by this Defendant against a prior caregiver." Doc. 77 at 11. In his initial Motion, Defendant argues a statement made by an unspecified person to Plaintiff Ms. Atwater about an attack is inadmissible hearsay. Doc. 77 at 12.

In their Response, Plaintiffs assert the statement at issue was made by Ms. Schwartz to Defendant's doctor for the purposes of obtaining medical treatment for Defendant and is contained in Defendant's medical records. Doc. 82 at 3. Plaintiffs argue that, because Ms. Schwartz made the statement for purposes of obtaining medical treatment, the statement falls under a hearsay exception under Federal Rule of Evidence 803(4). Doc. 82 at 3–4. Plaintiff also argues Ms. Schwartz's statements may be used for impeachment if Ms. Schwartz denies she had knowledge of the incident. Id. at 4.

In his Reply, Defendant shifts away from arguing the disputed statement is inadmissible hearsay and argues for the first time the disputed statement is inadmissible character evidence. Doc. 84 at 4. Indeed, the portion of Defendant's initial Motion regarding "Motion in Limine No. 8" makes no reference to character evidence. Doc. 77 at 11–12. In his Reply, however, Defendant argues evidence of the disputed statement will only be offered as character evidence and argues Ms. Schwartz's knowledge is not relevant to this case. Doc. 84 at 4.

"A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Stewart v. Hooters of Am., Inc., No. 8:04-CV-40-T-17, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007) (citing Luce v. United States, 469 U.S. 38, 41 (1984)).  Therefore, the Court should deny a motion in limine if it cannot fully determine whether the evidence should be excluded prior to trial.  Id.

At the outset, it is unclear if the parties are even discussing the same statement. Defendant asks the Court to exclude a verbal statement that was allegedly made to Plaintiff Ms. Atwater (by some identified individual) about a prior attack committed by Defendant on a caregiver.  Plaintiffs, other hand, refer to a statement made by Ms. Schwartz to Defendant's doctor, which is reflected in Defendant's medical records.  Because the parties' briefing on this topic is ambiguous, the Court is not able to resolve Defendant's hearsay argument or Plaintiffs' argument invoking the hearsay exception contained in Federal Rule of Evidence 803(4). Furthermore, Defendant raises an entirely new character evidence argument in his Reply to which Plaintiffs have not responded.[4]  Doc. 84 at 4.

Granting the Motion in Limine at this stage would be premature due to these ambiguities. The Court cannot say the evidence discussed in Motion in Limine No. 8 is inadmissible on all potential grounds.  Stewart, 2007 WL 1752873, at *1.  Therefore, the Court **DENIES** Defendant's Motion in Limine No. 8 as premature.  The Court will consider any objections

---

[4] The Court acknowledges the character evidence analysis regarding the statement at issue in Defendant's Motion in Limine No. 8 and the evidence at issue in Defendant's Motion in Limine No. 7 may be identical.  But in light of the parties' ambiguous briefs, it is inappropriate to make that assumption at this time.

regarding these pieces of evidence at trial.

**SO ORDERED**, this 9th day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA